■ In the Matter of VAN F. SEPLOW, Appellant, v CENTURY OPERATING COMPANY, Respondent, et al., Defendant.—Order and judgment of the Supreme Court, New York County, entered October 12, 1976, which denied plaintiff's motion for an injunction and granted defendant Century Operating Corporation's cross motion declaring certain leases terminated as of September 30, 1976 and ordering plaintiff to vacate the respective premises, unanimously modified, on the law, to the extent of reversing so much thereof as granted said defendant's cross motion, the judgment is vacated and, as so modified, the order is affirmed, without costs and without disbursements. Plaintiff moved by way of order to show cause for a permanent injunction "enjoining the defendant, Century Operating Corp. from terminating the tenancy of various tenants of the plaintiff herein." No complaint was served. CPLR 6301 provides: "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, *or* in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff." (Emphasis supplied.) The second situation envisioned by CPLR 6301 for proper issuance of a preliminary injunction as delineated above "is frequently referred to as an injunction based on 'the nature of the action' [and] is derived from section 877 of the Civil Practice Act without any change in substance" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.12). "Except when the basis for the preliminary injunction is the nature of the plaintiff's action, which necessitates the submission of a complaint [CPLR 6312, subd (a)] in no way compels the plaintiff to present any proof in support of his motion other than an affidavit, although the court is free to request the movant to support or elaborate upon the contents of his affidavit" (7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.05). Accordingly, it was incumbent for plaintiff to submit a complaint in support of his motion for an injunction which was not done. The failure by plaintiff to

submit a complaint is further highlighted by the requirement of CPLR 3017 (subd [b]) which states that "In an action for a declaratory judgment, the demand for relief *in the complaint* shall specify the rights and other legal relations on which a declaration is requested and state whether further or consequential relief is or could be claimed and the nature and extent of any such relief which is claimed" (emphasis supplied). This requirement is an exception to the rule of CPLR 3017 (subd [a]) permitting relief to vary from that demanded. The cross motion of defendant Century Operating Company while recognizing that plaintiff's motion was one "for a permanent injunction against terminating tenancies of various undertenants of plaintiff," nevertheless requested declaratory judgment relief without any pleading for such relief having been served, and sought, in addition, dismissal of plaintiff's cause of action. As plaintiff had submitted no complaint, the only relief to which defendant is entitled on this record is denial of plaintiff's motion. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Nunez, JJ.