■ RAYMOND C. DURKIN et al., Appellants, v DURKIN FUEL ACQUISITION CORP. et al., Respondents. (Action No. 1.) ROBINSON OIL CORP., Respondent, v DURKIN WATER SUPPLY CORP. et al., Appellants. (Action No. 2.) [639 NYS2d 716] —In an action, inter alia, for a declaratory judgment interpreting the terms of

several restrictive covenant agreements (Action No. 1), and a related action, *inter alia,* for a declaratory judgment interpreting the terms of the same restrictive covenant agreements (Action No. 2), (1) Raymond C. Durkin, Andrew J. Durkin, and Carmel Terminals, Inc., the plaintiffs in Action No. 1, appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered December 16, 1994, which denied their motion for a declaratory judgment and a permanent injunction, and (2) Durkin Water Supply Corp., Andrew J. Durkin, James M. Durkin, Raymond Durkin, Thomas Durkin, Andrew Durkin, Carmel Terminals, Inc., and Brewster Terminal, L.P., the defendants in Action No. 2, appeal from an order of the same court, also entered December 16, 1994, which granted the motion of the plaintiffs in Action No. 2 for a preliminary injunction enjoining the defendants in Action No. 2 from selling, operating, or maintaining an oil terminal located in Carmel, New York.

Ordered that the order in Action No. 1 is affirmed; and it is further;

Ordered that the order in Action No. 2 is affirmed; and it is further,

Ordered that Durkin Fuel Acquisition Corp. and Robinson Oil Corp. are awarded one bill of costs.

The terms of the restrictive covenant in this case are reasonable under the circumstances (*see, Karpinski v Ingrasci,* 28 NY2d 45; *Town Line Repairs v Anderson,* 90 AD2d 517), and justify a preliminary injunction in Action No. 2.

With respect to the appeal from the order in Action No. 1, we note only that permanent injunctions and declaratory judgments are not provisional remedies and may not be obtained in a motion prior to the joinder of issue (*see,* CPLR 103, 3001, 3211, 3212, 6301 *et seq.*). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.