■ DOROTHY H. STRAUS, Appellant, v NEW WAH FUNG CORP. et al., Respondents. [703 NYS2d 7] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered December 26, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff claims to have broken her ankle in a fall while exiting defendants' restaurant. In her bill of particulars, plaintiff alleged that a mat with a "raised and frayed edge" had been placed in the entranceway. Defendants' summary judgment motion was supported solely by the transcript of plaintiff's deposition, wherein she denied having seen "any non-skid matting on the floor of the vestibule". In opposition, plaintiff submitted her own affidavit, stating that she had "ca[ught] her foot on the frayed end of a mat which was placed on the landing in front of the front door" as she left with a take-out order. In the affidavit she swore that she had not remembered seeing the mat when she entered, but knew for a fact that it was there because her fall while exiting left her "sprawled" upon it. Plaintiff's opposition to the summary judgment motion was also supported by her son's affidavit, wherein he stated that he took pictures of the restaurant "with the mat in place" barely three hours after the accident. The photographs were not offered in evidence on the summary judgment motion.

In granting summary judgment, the IAS Court cited the absence of competent proof that defendants had created a defective condition, or had actual or constructive notice of one, noting plaintiff's failure to provide photographs of a visible or apparent defect. The court thus ignored its issue-finding function on a motion for summary judgment. Plaintiff's deposition testimony did not negate her subsequent sworn statement as to the existence of a frayed mat. Her son's statement that he took photographs of the area (including the mat) three hours later suggests defendants' awareness of the existence of a dangerous condition, which could amount to constructive notice. Under such circumstances, summary judgment was inappropriate (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294), even though the photographs were not presented for consideration on the motion. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.