■ Phyllis Toote, Respondent, v Canada Dry Bottling Company of New York, Inc., Respondent, and Pathmark Stores, Inc., Appellant, et al., Defendant. (And a Third-Party Action.) [776 NYS2d 42]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 9, 2002, which, in an action for personal injuries sustained by plaintiff customer in a fall on defendant-appellant supermarket's premises, insofar as appealed from, denied the supermarket's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she tripped over cases of soda that were stacked on the floor of defendant-appellant's supermarket. It appears that at the time of the accident, the supermarket's shelves, in accordance with usual practice, were being "packed out" with soda by an employee of either defendant-respondent bottling company or defendant soda distributor. The supermarket moved for summary judgment, contending that it did not create the alleged dangerous condition and that plaintiff's deposition testimony, to the effect that she walked to the soda aisle immediately after entering the store and did not see any soda on the floor before falling, shows that she cannot establish how long the soda had been on the floor before she fell. The motion court correctly held that such testimony does not establish, prima facie, the supermarket's lack of prior actual or constructive notice of the soda on the floor (*see Straus v New Wah Fung Corp.*, 269 AD2d 140 [2000]), or that it may not be held liable for an independent contractor's negligence on the basis of the supermarket's nondelegable duty to keep the public areas of its premises reasonably safe (*see Backiel v Citibank, N.A.*, 299 AD2d 504, 507 [2002]; *Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906 [2000]). Concur—Lerner, J.P., Friedman, Marlow and Gonzalez, JJ.