■ KATHRYN WADE-WESTBROOKE, Respondent, v EBRAHIM ESHAGHIAN et al., Appellants, and XYZ CLEANING CONTRACTORS, INC., Respondent. (And a Third-Party Action.) [802 NYS2d 11]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 10, 2005, which, inter alia, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them or, in the alternative, for summary judgment upon their third-party claim for indemnification, unanimously affirmed, without costs.

Appellants, in support of that branch of their motion seeking summary judgment dismissing the complaint, failed to make the requisite showing that they had neither actual nor constructive notice of the alleged hazard. While appellants stress that plaintiff did not notice the hazard on the morning of, and just prior to the accident, that circumstance does not definitively establish their lack of notice (see Straus v New Wah Fung Corp., 269 AD2d 140 [2000]). Since there are issues of fact as to whether negligence on the part of appellants or XYZ caused plaintiff's harm, appellants' motion for summary judgment was properly denied. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL NARVAEZ, Appellant. [800 NYS2d 842]—Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered June 10, 2004, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, and imposing, inter alia, a DNA databank fee of $50, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.