■ JENNIFER McHUGH, Appellant, v MATTHEW WEISSMAN, Respondent, et al., Respondents. [847 NYS2d 566]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered April 4, 2007, which, to the extent appealed from, denied petitioner's motion for counsel fees and granted respondent Weissman's cross motion for a declaration that the contested property does not belong to the subject trust, unanimously modified, on the law, the request for a declaratory judgment denied, and otherwise affirmed, without costs.

Respondents defaulted in answering the petition commencing a special proceeding pursuant to CPLR 7701. In seeking to hold respondents in contempt for failing to abide by the order directing an accounting, petitioner also moved to enjoin respondents from disposing of real property that petitioner maintains is property of the trust, real property previously owned by the decedent, the mother of petitioner and respondent Weissman. Despite the absence of a request by petitioner for declaratory relief, or an answer or other pleading by Weissman containing a request for such relief, Weissman cross-moved for a declaration that petitioner is not entitled to any portion of the real property. Given Weissman's failure to assert his claim for declaratory relief in some form of pleading, Supreme Court erred in granting that aspect of the cross motion (*see Matter of Seplow v Century Operating Co.*, 56 AD2d 515, 516 [1977]). Moreover, even assuming Weissman's request for declaratory relief was proper, he cross-moved for declaratory relief before joinder of issue (*see Durkin v Durkin Fuel Acquisition Corp.*, 224 AD2d 574, 575 [1996]). Since petitioner does not challenge herein the denial of the relief she sought, there is no basis for granting her

counsel fees. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.