■ RASHER FATIRIAN, Respondent, v MONTI's HOLDING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. LEDERMAN CATERERS, LTD., Doing Business as LEDERMAN CATERERS, Third-Party Defendant-Respondent-Appellant. [885 NYS2d 763]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 17, 2007, as denied their motion for summary judgment dismissing the complaint and all cross claims asserted against them and granted those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action

for common-law and contractual indemnification, and the third-party defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contribution.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contribution is granted; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant, payable by the defendants third-party plaintiffs, and one bill of costs is awarded to the plaintiff, payable by the defendants third-party plaintiffs.

The plaintiff commenced this action against, among others, Crest Hollow Country Club at Woodbury, Inc., and Crest Hollow Corporate Services, Inc. (hereinafter together the Crest Hollow defendants), to recover damages for personal injuries sustained when she slipped and fell on flower petals thrown on the dance floor during a wedding held on their premises. The petals had been on the floor for at least 20 minutes prior to the accident, and the plaintiff testified at her deposition that she had previously asked a waiter to clean up the petals. At the time of her accident, the plaintiff was not dancing, but rather attempting to traverse the dance floor to view a cake-cutting ceremony. The Crest Hollow defendants thereafter commenced a third-party action against Lederman Caterers, Ltd., doing business as Lederman Caterers (hereinafter Lederman), for contractual and/or common-law indemnification and contribution.

The Crest Hollow defendants failed to establish, prima facie, that they did not have actual or constructive notice of the condition upon which the plaintiff allegedly slipped (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Moreover, contrary to the Crest Hollow defendants' contention, the doctrine of primary assumption of risk does not apply to the activity in which plaintiff was engaged at the time of her injury (*see generally Morgan v State of New York*, 90 NY2d 471, 482-486 [1997]). Since the Crest Hollow defendants failed to meet their initial burden, the Supreme Court properly denied their motion regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

The Supreme Court also properly granted those branches of

Lederman's motion which were for summary judgment dismissing the third-party claims for contractual and common-law indemnification. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Levine v Shell Oil Co.*, 28 NY2d 205, 211 [1971]; *Eldoh v Astoria Generating Co., LP*, 57 AD3d 603 [2008]; *Altchek v DiGennaro*, 214 AD2d 527, 528 [1995]). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 491-492). Here, the language relied upon by the Crest Hollow defendants does not evince a clear intent to indemnify.

"The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). "If, in fact, an injury can be attributed solely to the negligent performance or nonperformance of an act solely within the province of the contractor, then the contractor may be held liable for indemnification to an owner" (*id.*). Here, in opposition to Lederman's demonstration that it did not undertake to maintain the dance floor upon which the plaintiff allegedly slipped, the Crest Hollow defendants failed to raise a triable issue of fact as to whether Lederman breached any duty to the plaintiff.

The Supreme Court erred in denying that branch of Lederman's motion which was for summary judgment dismissing the third-party cause of action for contribution. Lederman demonstrated, prima facie, that it did not owe a duty of reasonable care to the Crest Hollow defendants independent of its contractual obligations or that a duty was owed to the injured plaintiff, a breach of which contributed to her injuries (*see Hites v Toys "R" Us, Inc.*, 33 AD3d 759 [2006]). In opposition, the Crest Hollow defendants failed to raise a triable issue of fact. Spolzino, J.P., Skelos, Dillon and Covello, JJ., concur.