(May 13, 2010)

■ JOSEPH M. MEEHAN et al., Appellants, v BARKSDALE TENANTS CORP. et al., Respondents, et al., Defendants. [900 NYS2d 310]—

Judgment, Supreme Court, Bronx County (Howard R. Silver, J.), entered March 12, 2009, dismissing the complaint as against defendants-respondents pursuant to an order granting their motion for summary judgment, unanimously reversed, on the law, without costs, and the complaint reinstated as against said defendants.

Plaintiff's testimony that the patch of ice on which he slipped was gray or white and approximately eight feet by four feet, coupled with the evidence that the temperature had not been above freezing for at least two days prior to the accident, is sufficient to raise an issue of fact on constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] ["a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit (the owner's) employees to discover and remedy it"]; *cf. Espinell v Dickson*, 57 AD3d 252, 253 [2008] ["defendants lacked . . . constructive notice of the icy condition . . . due to the fact that

the icy condition was not readily visible and to the relatively short (less than three-hour) interval between the end of the storm and the accident"]). Moreover, although "plaintiff did not notice the hazard . . . just prior to the accident, that circumstance does not definitively establish [defendants'] lack of notice" (*Wade-Westbrooke v Eshaghian*, 21 AD3d 817 [2005]). Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.