Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 30, 2012, which, insofar as appealed from, *577 denied the cross motion of defendant Cipriani Wall Street (Cipriani) for summary judgment dismissing the complaint, or, in the alternative, for summary judgment on its claims for common-law and contractual indemnification against third-party defendant Exquisite Staffing, LLC (Exquisite), and denied the cross motion of Exquisite for summary judgment dismissing plaintiffs complaint and the third-party complaint, unanimously modified, on the law, Exquisite’s cross motion granted solely to the extent of dismissing Cipriani’s third-party claim for contractual indemnification, and otherwise affirmed, without costs.
Plaintiff was injured when she slipped and fell on broken glass on the dance floor of a banquet facility owned by Cipriani. The event that plaintiff was attending was staffed by employees of Exquisite, a staffing agency.
Cipriani’s cross motion seeking dismissal of the complaint was properly denied. The record shows that plaintiff testified that the broken glass was present on the dance floor for at least 15 to 20 minutes and that she told one of the service staff of the condition. Moreover, plaintiff submitted affidavits from witnesses who stated that the glass was present on the floor for an even longer period of time and that they had asked the service staff to clean up the broken glass. Accordingly, triable issues of fact exist as to whether Cipriani had constructive notice of the dangerous condition on the dance floor (cf. Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Although the event was staffed with waiters and busboys from Exquisite, there is evidence that they worked under the control of Cipriani personnel, and Cipriani may be held liable on the basis of its nondelegable duty to keep the public areas of its premises reasonably safe (see Toote v Canada Dry Bottling Co. of N.Y., 7 AD3d 251 [2004]).
Cipriani’s cross motion seeking summary judgment on its claim for common-law indemnification against Exquisite is denied as premature, since no finding as to responsibility for plaintiffs accident has been made (see Barraco v First Lenox Terrace Assoc., 25 AD3d 427, 429 [2006]).
Cipriani’s cause of action against Exquisite for contractual indemnification is dismissed. The provision of the contract at issue did not evince a clear intent for Exquisite to indemnify Cipriani for tort claims (see Fatirian v Monti’s Holding, Inc., 65 AD3d 1280, 1282 [2009]). Rather, the provision dealt with the payment of wages, benefits and claims or suits “arising from or relating to the Exquisite Employee’s employment with Exquisite and provision of temporary services to Cipriani,” and other employment-related claims.
*578 Exquisite’s cross motion for summary judgment dismissing plaintiffs complaint is also denied, since a reasonable inference can be drawn that plaintiff slipped and fell on broken glass that caused her injuries (see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 745 [1986]). Concur — Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.