Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 26, 2012, which, to the extent appealed from, granted plaintiffs motion for a preliminary injunction to the extent defendants had withdrawn their notices of termination for defendants Blair Hall, Inc. and Edwin Realty Corp., and the board of directors of Lenhill Realty Corp. had withdrawn the *684 previously issued notice of termination, granted plaintiffs motion for a judgment declaring that the December 21, 2010 special meeting of the board of directors of Lenhill Realty Corp. was properly noticed and the election of the five directors at that meeting was lawful, and so declared, and denied defendants’ motion to dismiss the complaint, unanimously reversed, on the law, with costs, plaintiffs motions denied, the injunction and declaration vacated, and defendants’ motion granted. The Clerk is directed to enter judgment in defendants’ favor dismissing the complaint.
Plaintiff alleges that defendants breached the oral agreement pursuant to which it served as the exclusive manager of the real property owned by defendants Lenhill Realty Corp., Blair Hall, Inc., and Edwin Realty Corp. by terminating the agreement without giving it reasonable notice. We find, however, that the rule that a contract lacking a clearly expressed duration will be held to have been intended to continue for a reasonable time does not apply to the subject exclusive agency agreement (see Haines v City of New York, 41 NY2d 769, 772-773 [1977]; see e.g. Banana Kelly Community Improvement Assn, v Schur Mgt. Co., Ltd., 34 Misc 3d 1207[A], 2012 NY Slip Op 50013[U], *8-9 [Sup Ct, Bronx County 2012] [enjoining defendant from continuing to act as plaintiffs property manager due to irreparable deterioration of parties’ eight-year relationship]). Thus, defendants were not required to give plaintiff reasonable notice of the termination.
The preliminary injunction granted to plaintiff must be vacated in light of the foregoing. In any event, plaintiff failed to demonstrate its entitlement thereto. In particular, there is no showing of irreparable harm for which monetary damages could not adequately compensate (see New York City Off-Track Betting Corp. v New York Racing Assn., 250 AD2d 437, 442 [1st Dept 1998]). Indeed, the complaint seeks damages in an amount equal to fees alleged to have been wrongfully withheld by defendants.
Plaintiffs request for a declaratory judgment should not have been granted because plaintiff failed to assert a claim for declaratory relief in a pleading (see McHugh v Weissman, 46 AD3d 369 [1st Dept 2007]).
Concur—Acosta, J.E, Moskowitz, Renwick, Freedman and Clark, JJ.