■ SOUTH POINT, INC., Appellant, v KEON ROGER JOHN et al., Defendants. [35 NYS3d 385]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 5, 2014, as denied those branches of its unopposed motion which were for leave to enter a default judgment against the defendant Keon Roger John upon his failure to appear or answer the complaint, and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the plaintiff failed to demonstrate that the defendant Keon Roger John (hereinafter the defendant) was validly served with process. In support of its motion, the plaintiff submitted what was purportedly an affidavit of service of a process server. While a process server's affidavit ordinarily constitutes a prima facie showing of proper service (*see Aurora Loan Servs., LLC v Gaines*, 104 AD3d 885, 886 [2013]), the document denominated by the plaintiff as an affidavit of service does not demonstrate on its face that it was executed before a notary public, as the alleged notary's illegible signature was not accompanied by any of the information mandated by Executive Law § 137 (*see* Executive Law § 137). Accordingly, the plaintiff failed to demonstrate the defendant's default.

In light of our determination, we need not reach the plaintiff's contentions regarding the admissibility of the affidavit of merit it submitted to the Supreme Court.

To the extent that the plaintiff raises an argument on appeal regarding that branch of its motion which was for leave to enter a default judgment against the remaining defendants, that branch of its motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Federal Natl. Mtge. Assn. v Anderson*, 119 AD3d 892 [2014]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.