■ LISA PALLADINO PETERSEN et al., Plaintiffs, v MILLER AUTO PARTS, INC., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. SCORPIS, LLC, Third-Party Defendant-Appellant. [58 NYS3d 57]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), dated May 12, 2015, which granted the motion of the defendants third-party plaintiffs for summary judgment on the third-party complaint and for an order directing the third-party defendant to provide them with insurance coverage, and denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants third-party plaintiffs for summary judgment on the third-party complaint and for an order directing the third-party defendant to provide them with insurance coverage, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted by the defendants third-party plaintiffs Miller Auto Parts, Inc., and Mt. Kisco Truck & Auto Parts, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Lisa Palladino Petersen (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on ice in the parking lot of a property in Scarsdale. The injured plaintiff is a member of the third-party defendant, Scorpis, LLC (hereinafter Scorpis), which leased a portion of the property from the defendant third-party plaintiff MSP Realty. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this personal injury action. The defendants MSP Realty, Miller Auto Parts, Inc., and Mt. Kisco Truck & Auto Parts (hereinafter collectively the third-party plaintiffs) then commenced a third-party action against Scorpis seeking contractual indemnification. The third-party plaintiffs alleged that the commercial lease between Scorpis and MSP Realty obligated Scorpis, as tenant, to maintain the parking lot, and that its breach of that obligation entitled them to indemnification in the personal injury action. In its answer to the third-party complaint, Scorpis denied that it was obligated to maintain the parking lot, and interposed a counterclaim against the third-party plaintiffs for common-law indemnification.

Following discovery, the third-party plaintiffs moved for summary judgment on the third-party complaint and for an order directing Scorpis to provide them with insurance coverage,

relying on the lease and the deposition testimony of the injured plaintiff, of one of the owners of MSP Realty, and of the contractor hired to clear snow from the parking lot (hereinafter the snow removal contractor). Scorpis opposed the motion, and cross-moved for summary judgment dismissing the third-party complaint and for a default judgment on its counterclaim for common-law indemnification. The Supreme Court granted the *third-party plaintiffs'* motion, and denied that branch of the cross motion of Scorpis which was for summary judgment dismissing the third-party complaint. Scorpis appeals.

"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (*Campisi v Gambar Food Corp.*, 130 AD3d 854, 855 [2015]; *see Alayev v Juster Assoc., LLC*, 122 AD3d 886, 887 [2014]; *Desena v North Shore Hebrew Academy*, 119 AD3d 631, 636 [2014]). "When a party is under no legal duty to indemnify, a contract . . . must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Fatirian v Monti's Holding, Inc.*, 65 AD3d 1280, 1282 [2009]). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 491-492; *see Capretto v City of Buffalo*, 124 AD3d 1304, 1310 [2015]; *Fatirian v Monti's Holding, Inc.*, 65 AD3d at 1282).

The Supreme Court should have denied that branch of the third-party plaintiffs' motion which was for summary judgment on the third-party complaint seeking contractual indemnification insofar as asserted by Miller Auto Parts, Inc., and Mt. Kisco Truck & Auto Parts. The third-party plaintiffs' submissions established that the lease containing the indemnification provision is between MSP Realty and Scorpis. Neither Miller Auto Parts, Inc., nor Mt. Kisco Truck & Auto Parts are parties to the lease, and the third-party plaintiffs offered no evidence that Scorpis had otherwise similarly contracted to indemnify either of those two entities, or what, if any, relationship they had to the property. Accordingly, Miller Auto Parts, Inc., and Mt. Kisco Truck & Auto Parts failed to establish, prima facie, that they were entitled to summary judgment on the third-party complaint seeking contractual indemnification. That branch of the third-party plaintiffs' motion therefore should have been denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). For the same reason, the court should have granted that branch of the cross motion of Scorpis which

was for summary judgment dismissing the third-party complaint insofar as asserted by Miller Auto Parts, Inc., and Mt. Kisco Truck & Auto Parts (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Campisi v Gambar Food Corp.*, 130 AD3d at 855).

The Supreme Court also erred in granting that branch of the third-party plaintiffs' motion which was for summary judgment directing Scorpis to provide them with insurance coverage, because the third-party plaintiffs did not bring an action for that declaratory relief (*see* CPLR 3017 [b]), and otherwise made no demand for that relief, express or implied, in the third-party complaint (*see e.g. Matter of Seplow v Century Operating Co.*, 56 AD2d 515, 516 [1977]).

Turning to the issue of whether MSP Realty is entitled to contractual indemnification, the lease requires Scorpis to indemnify MSP Realty for any claims "arising out of (a) any breach or default on the part of [Scorpis] in the observance or performance of any of its agreements or obligations under this lease, and (b) any injury or damage to any person or property occurring in or on the Premises caused by the acts or omissions of [Scorpis], its agents, [or] employees."

With respect to snow removal in the parking lot, the lease provides that Scorpis "shall be responsible for the maintenance of the blacktopped parking area including but not limited to snowplowing." The lease also provides that Scorpis was obligated to pay MSP Realty, as additional rent, "fifty percent (50%) of all expenses, costs and amounts of every kind that [MSP Realty] pays or incurs during any Expense year because of or in connection with the maintenance or repair of the common areas of the Building and/or Land." The lease states that those expenses include "[t]he cost of parking area maintenance and repair, including repainting, re-striping, cleaning, and patchwork."

Notwithstanding the lease provision that Scorpis was responsible for "snowplowing" the "blacktopped parking area," the deposition testimony of the injured plaintiff, of one of the owners of MSP Realty, and of the snow removal contractor demonstrated that the snow removal contractor was hired by MSP Realty, not Scorpis. The injured plaintiff, a member of Scorpis, testified at her deposition that the only responsibility Scorpis had for snow removal from the parking lot was "paying for the snow plow," and that Scorpis did not call or hire a person to come remove the snow. Further, the injured plaintiff's deposition testimony and an invoice established that MSP Realty billed Scorpis for 50% of the cost of snow removal.

Thus, contrary to the Supreme Court's determination, the submissions in support of the third-party plaintiffs' motion failed to eliminate triable issues of fact as to whether Scorpis or MSP Realty was responsible for snow removal in the parking lot, and thus whether MSP Realty was entitled to contractual indemnification pursuant to the terms of the lease. Since the third-party plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, the court should have denied that branch of the third-party plaintiffs' motion which was for summary judgment in favor of MSP Realty on the third-party complaint without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).

We do not reach the contention of Scorpis that the Supreme Court should have granted that branch of its cross motion which was for leave to enter a default judgment on its counterclaim for common-law indemnification based on the third-party plaintiffs' failure to interpose a reply. That branch of the cross motion was not addressed by the court and, thus, remains pending and undecided (see South Point, Inc. v John, 140 AD3d 1150 [2016]; Federal Natl. Mtge. Assn. v Anderson, 119 AD3d 892, 894 [2014]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.