Matter of Mount Olive Baptist Church of Manhasset (2019 NY Slip Op 09270)





Matter of Mount Olive Baptist Church of Manhasset


2019 NY Slip Op 09270


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-01255
 (Index No. 1382/16)

[*1]In the Matter of Mount Olive Baptist Church of Manhasset, respondent. GG Acquisitions, LLC, nonparty-appellant.


Forchelli Deegan Terrana LLP, Uniondale, NY (Peter Basil Skelos and Danielle B. Gatto of counsel), for nonparty-appellant.
The Chandler Law Firm, PLLC, Valley Stream, NY (Monte Malik Chandler of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511 for court approval of the sale of real property owned by a religious corporation, nonparty GG Acquisitions, LLC, appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 6, 2018. The order granted the petitioner's motion for a declaration that the contract of sale dated November 19, 2012, and its amendments are null and void.
ORDERED that the order is reversed, on the law, with costs, and the petitioner's motion for a declaration that the contract of sale dated November 19, 2012, and its amendments are null and void, is denied.
The petitioner, Mount Olive Baptist Church of Manhasset (hereinafter the church), owns real property located at 43 High Street in Manhasset. On November 19, 2012, the church entered into a contract to sell the premises to nonparty GG Acquisitions, LLC (hereinafter GG). In February 2016, the church commenced this proceeding pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511 to obtain court approval of the sale. In an order dated March 14, 2016, the Supreme Court denied the petition without prejudice to resubmit, determining that the terms of the contract were not fair and reasonable to the church (see N-PCL 511[d]). Particularly, the court expressed concern over the use of a purchase money mortgage as a substantial component of the purchase price.
Thereafter, in accordance with the contract, GG presented the church with a series of revised terms in an effort to address the Supreme Court's concerns with the contract. The last revised proposal, dated February 13, 2018, increased the purchase price, but continued to utilize a purchase money mortgage for a substantial portion of the purchase price, albeit at a slightly higher interest rate and with a shorter term than originally proposed. Believing that the revised terms did not resolve the court's concerns with the original contract terms, the church moved in this proceeding for a declaration that the contract and its amendments are null and void. In an order entered December 6, 2018, the court granted the church's motion, determining that the revised terms were [*2]still not fair and reasonable to the church, and that GG's rights under the contract were "now exhausted and concluded." GG appeals.
We agree with GG that the Supreme Court should have denied the church's motion for a declaration that the contract and its amendments are null and void, because that declaratory relief was not demanded in the pleadings filed in this proceeding (see CPLR 3017[b]; Petersen v Miller Auto Parts, Inc., 151 AD3d 893, 896; Chemtob v Il Padrone Constr. II, LLC, 149 AD3d 900, 902-903; Derfner Mgt. Inc. v Lenhill Realty Corp., 105 AD3d 683, 684; Matter of Seplow v Century Operating Co., 56 AD2d 515, 516). Accordingly, we reverse the order and deny the church's motion.
The church's request for certain affirmative relief is not properly before this Court (see Hecht v City of New York, 60 NY2d 57, 61; Matter of Margary v Martinez, 118 AD3d 1004, 1006).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court