Wilmington Sav. Fund Socy., FSB v Rashed (2021 NY Slip Op 03630)





Wilmington Sav. Fund Socy., FSB v Rashed


2021 NY Slip Op 03630


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-04030
 (Index No. 519568/17)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Qassem M. Q. Rashed, respondent, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 29, 2019. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Qaseem M. Q. Rashed and for an order of reference, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed, with costs.
In November 2006, the defendant Keon Roger John executed a note to borrow the sum of $479,120 from Residential Home Funding, Corp. (hereinafter Residential). The note was secured by a mortgage on certain real property located in Brooklyn.
Residential's successor in interest, and the plaintiff's predecessor in interest, South Point, Inc. (hereinafter South Point), commenced an action to foreclose the mortgage on or about June 21, 2007 (hereinafter the 2007 action). Less than a year later, South Point voluntarily discontinued the 2007 action.
In January 2008, South Point commenced a second action to foreclose the subject mortgage (hereinafter the 2008 action). The Supreme Court denied South Point's motion for leave to enter a default judgment against John in the 2008 action on the ground that South Point failed to show that John was properly served with process. On appeal, this Court affirmed that order (see South Point, Inc. v John, 140 AD3d 1150).
Subsequently, on October 10, 2017, the plaintiff commenced the instant action to foreclose the mortgage. On May 29, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Qaseem M. Q. Rashed, the current owner of the property, and for an order of reference. Rashed opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that this action was time-barred. In an order dated January 29, 2019, the Supreme Court denied the [*2]plaintiff's motion and granted Rashed's cross motion, finding that Rashed met his burden of showing that this action was untimely and that the plaintiff failed to successfully oppose the cross motion. The plaintiff appeals.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; see U.S. Bank N.A. v Atia, 178 AD3d 747, 749). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). One of the ways to accelerate a mortgage debt is through the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670).
"[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revoke[s] the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090, *2 [emphasis added]). Here, South Point voluntarily discontinued the 2007 action in 2008, thereby effectively revoking the acceleration of the debt within the subject six-year statute of limitations (see __ NY3d ___, 2021 NY Slip Op 01090, *3).
However, "[a] debt [is] accelerated when the verified complaint and lis pendens [are] filed even though the papers had not yet been served on the borrower" (___ NY3d ___, 2021 NY Slip Op 01090, *3; see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472). "The determinative question is not what the noteholder intended or the borrower perceived, but whether the contractual election was effectively invoked" (Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090, *3). Here, the subsequent commencement of the 2008 action accelerated the loan anew regardless of whether the summons and complaint were served upon the defendants. Since neither South Point nor the plaintiff revoked the acceleration of the debt which occurred upon the filing of the 2008 action, by voluntary discontinuance or withdrawal of that action, the statute of limitations on the entire mortgage debt, which began to run in 2008, expired in 2014, more than three years before the plaintiff commenced this action in 2017 (see ___ NY3d ___, 2021 NY Slip Op 01090; U.S. Bank N.A. v Singer, 192 AD3d 1182, 1186). As a result, Rashed demonstrated, prima facie, that the instant action was time-barred (see Wells Fargo Bank, N.A. v Torres, 187 AD3d 825).
In opposition, the plaintiff failed to raise a question of fact as to whether it, or any of its predecessors, voluntarily revoked the election to accelerate the mortgage within six years of the commencement of the 2008 action.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Rashed and for an order of reference, and properly granted Rashed's cross motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that this action was time-barred.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court