Cuello v 708 Tremont Realty, LLC (2021 NY Slip Op 06649)





Cuello v 708 Tremont Realty, LLC


2021 NY Slip Op 06649


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 31934/17E Appeal No. 14718 Case No. 2021-01989 

[*1]Jensil Cuello, Plaintiff-Appellant,
v
708 Tremont Realty, LLC, et al., Defendants-Respondents.


The Sullivan Law Firm, New York (James A. Domini of counsel), for appellant.
The Chartwell Law Offices, LLP, White Plains (Gregg S. Scharaga of counsel), for respondents.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about May 17, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant C&R Food Corp.'s motion for summary judgment, and otherwise affirmed, without costs.
Plaintiff seeks damages for injuries he allegedly suffered when he slipped and fell on a wet, greasy substance on a delivery ramp at defendant C&R Food Corp.'s supermarket. The motion court correctly granted defendant 708 Tremont Realty's motion for summary judgment. As the lease agreement between C&R and defendant 708 Tremont Realty, LLC, an out-of-possession landlord, obligated C&R to undertake all repairs and maintenance on the premises, 708 Tremont had no duty to plaintiff to maintain the premises (see Vasquez v The Rector, 40 AD3d 265, 266 [1st Dept 2007]).
Defendant C&R's motion for summary judgment should have been denied. In support of its motion, defendant C&R failed to make the requisite showing that it had neither actual nor constructive notice of the alleged hazard. Defendant C&R offered no evidence to establish when the area in question was last inspected or cleaned on the day of plaintiff's accident (see White v MP 40 Realty Mgt. LLC, 187 AD3d 561 [1st Dept 2020]; Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]). While defendant C&R stresses that plaintiff did not notice the hazard on the other trips on the ramp he had made before the accident occurred, that circumstance does not definitively establish its lack of notice where plaintiff explained that he did not "necessarily" walk on the same area of the ramp where he had slipped and the ramp was 15 feet wide (see Mehan v Barksdale Tenants Corp., 73 AD3d 514 [1st Dept 2010]; Wade—Westbrooke v Eshaghian, 21 AD3d 817 [1st Dept 2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021