Catania v Liriano (2022 NY Slip Op 01382)





Catania v Liriano


2022 NY Slip Op 01382


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 21709/19 Appeal No. 15446-15446A Case No. 2020-04758 2021-02891 

[*1]Patricia Catania, Plaintiff-Appellant-Respondent, Mercedes Liriano et al., Defendants.,
v
William Woodruff et al., Defendants-Respondents-Appellants. 


Law Office of Anthony V. Gentile, Brooklyn (Anthony V. Gentile of counsel), for appellant-respondent.
Law Office of Robert T. Reilly, NYSUT, New York (Meaghean Murphy of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 28, 2021, to the extent it adhered upon reargument to the original determination granting defendants United Federation of Teachers Union (UFT), William Woodruff, and Janella Hinds's (collectively, the UFT defendants) motion to dismiss the intentional tort claims and the claims against Woodruff and Hinds in their individual (as opposed to official) capacities, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 18, 2020, to the extent it denied plaintiff's cross motion for a judgment declaring General Associations Law § 13 (Section 13) unconstitutional under the federal and state constitutions, unanimously affirmed, without costs.
To the extent the court rejected plaintiff's cross motion for a judgment declaring Section 13 unconstitutional on the procedural basis that plaintiff sought to assert this claim in a cross motion rather than by seeking leave to amend the complaint, the court was not required to correct the procedural defect, even if it could have exercised its discretion to convert the cross motion into a motion for leave to amend, and the procedural defect was a valid basis for denying the cross motion (McHugh v Weissman, 46 AD3d 369 [1st Dept 2007]). In any event, to the extent plaintiff properly raised the constitutionality of Section 13 in opposition to defendants' motion to dismiss on the basis of the statute, the court implicitly rejected her arguments in granting the motion, citing the controlling decisions of the Court of Appeals in Martin v Curran (303 NY 276 [1951]), which interpreted Section 13 as precluding contract or tort liability against a union and its officers unless the individual liability of all its members could be alleged and proved, and Palladino v CNY Centro, Inc. (23 NY3d 140 [2014]), in which the Court declined to overrule Martin.
Plaintiff argues correctly that Martin and Palladino did not address the constitutional arguments she raises and thus do not resolve, or foreclose review of, those arguments. Nevertheless, we find her constitutional arguments unavailing. Plaintiff's first-impression constitutional challenge to the limits on bringing suits against unincorporated associations is not truly a challenge to the Section 13 pleading privilege that permits a plaintiff to sue such an association by naming its president or treasurer as a representative defendant, rather than having to name each and every member. It is a challenge to the underlying common-law authorization/ratification requirement for pleading and proving a liability of an unincorporated association, which has been limited by judicial decisions with respect to negligence claims, but otherwise remains in effect (see Charter Communications, Inc. v Local Union No. 3, 166 AD3d 468, 469 [1st Dept 2018]; Torres v Lacey, 3 AD2d 998 [1st Dept 1957]). Plaintiff's argument that such de facto immunity rooted in the common-law [*2]principle that an unincorporated association has no existence independent of its members does not serve the public good and has no justification is an argument about the wisdom or rationality of a legal concept that is the province of the legislature; it does not provide adequate support for a claim of a constitutional violation.
The court correctly found that the allegations in the complaint failed to state causes of action against defendants Woodruff and Hinds in their individual capacities (see Duane Reade, Inc v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO, 17 AD3d 277 [1st Dept 2005], lv dismissed in part, denied in part 5 NY3d 797 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022