L. Raphael NYC C1 Corp. v Solow Bldg. Co., L.L.C. (2022 NY Slip Op 04221)

L. Raphael NYC C1 Corp. v Solow Bldg. Co., L.L.C.

2022 NY Slip Op 04221

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Index No. 651456/18 Appeal No. 16239 Case No. 2019-03560 

[*1]L. Raphael NYC C1 Corp. Doing Business as Raphael Temple of Beauty, Plaintiff,
v
Solow Building Company, L.L.C., Defendant-Appellant, Bergdorf Goodman, Inc., Defendant, Ronit Raphael Leitersdorf, Additional Counterclaim Defendant-Respondent.

Rosenberg & Estis, PC, New York (Norman Flitt of counsel), for appellant.

Order, Supreme Court, New York County (W. Franc Perry, III, J.), entered August 9, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendant landlord Solow Building Company, L.L.C. (Solow) to the extent of awarding it partial summary judgment with respect to the liability of additional counterclaim defendant guarantor Ronit Raphael Leitersdorf (Leitersdorf) for the amount due and owing by plaintiff tenant L. Raphael NYC C1 Corp. (C1 Corp.) on a judgment of the Civil Court, New York County, entered June 18, 2018 (Civil Court judgment), but deferred entry of judgment as to that amount, reduced by the amount of C1 Corp.'s security deposit, until the conclusion of the action, and denied so much of the motion as was for partial summary judgment with respect to Leitersdorf's liability for use and occupancy charges still allegedly due and owing, for partial summary judgment with respect to Leitersdorf's liability for Solow's attorneys' fees and costs incurred in the Civil Court proceeding, and for a declaration that Leitersdorf remains liable for future additional money damages and attorneys' fees and costs that Solow may incur in connection with this action, unanimously reversed, on the law, with costs, and the motion granted to the extent of (1) awarding Solow partial summary judgment on the issue of liability on its fourth and fifth counterclaims as against Leitersdorf, (2) severing so much of those counterclaims as is predicated on the Civil Court judgment and Solow's attorneys' fees and costs incurred in the Civil Court proceeding, and (3) remanding the case for (a) an immediate trial or hearing on the issue of damages as to those predicates for those counterclaims, and (b) further proceedings consistent with this order.
In January 2013, Solow leased the ninth floor of its building on West 58th Street in Manhattan to C1 Corp. At that time, Leitersdorf executed a broad, absolute, and unconditional guaranty in favor of Solow guaranteeing to pay for any breach of the lease by C1 Corp. or any default by C1 Corp. in connection therewith. In November 2015, C1 Corp. began withholding rent from Solow due to a dispute concerning construction taking place in the building by defendant Bergdorf Goodman, Inc. (Bergdorf). In July 2016, Solow and C1 Corp. entered into an amendment of their lease agreement in an effort to settle the dispute, in which Leitersdorf confirmed and agreed that her guaranty of the original lease agreement remained in full force and effect. Leitersdorf had previously confirmed and agreed to the validity of her guaranty in connection with a January 2014 amendment of the lease. Nevertheless, C1 Corp. continued not paying rent.
After serving C1 Corp. with the requisite notices as per their lease agreement, Solow commenced the Civil Court proceeding in February 2018, during the pendency of which C1 Corp. commenced this action against Bergdorf and Solow. The Civil Court proceeding was terminated with [*2]the entry of the Civil Court judgment, which was in favor of Solow and against C1 Corp. in the amount of $379,291.26, and which judgment remains unsatisfied.
Upon bringing Leitersdorf into this action as an additional counterclaim defendant, Solow asserted against her, as its fourth counterclaim, a cause of action for "money damages," and, as its fifth counterclaim, a cause of action for "attorneys' fees." Solow then moved, among other things, for partial summary judgment against Leitersdorf on those counterclaims for three separate money judgments — one for the principal and interest due on the Civil Court judgment; one for use and occupancy during C1 Corp.'s holdover; and one for its attorneys' fees, costs, and disbursements in the Civil Court proceeding — as well as a declaration that Leitersdorf would be liable to Solow for any further money damages awarded to Solow against C1 Corp. Insofar as relevant to this appeal, Supreme Court granted Solow partial summary judgment on its counterclaims against Leitersdorf for the principal and interest due on the Civil Court judgment, which amount Solow would be entitled to recover at the conclusion of the action, reduced by the amount of C1 Corp.'s security deposit, and otherwise denied Leitersdorf's motion.
Initially, there is no such thing as a cause of action for money damages; rather, a party's entitlement to money damages is dependent on the viability of some other cause of action (cf. Black v Mill Rd. Assoc., 86 AD2d 621, 621 [2d Dept 1982]). Nevertheless, whether a cause of action is labeled correctly is ultimately irrelevant (see e.g. Denhaese v Buffalo Spine Surgery, PLLC, 144 AD3d 1519, 1520 [4th Dept 2016]). "[T]he nature of an action or remedy does not necessarily depend upon the nomenclature used by a party, but instead upon the character of the allegations to determine its true nature" (Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 181 AD3d 67, 69 n [2d Dept 2020]). Accordingly, and because Solow also moved for "other and further relief," we may deem its motion to have been made under a more appropriate procedural mechanism that affords it "essentially the same relief that it seeks" (Douglas Elliman, LLC v TWP Real Estate, LLC, 189 AD3d 614, 614 [1st Dept 2020]), provided that such a mechanism exists.
From the allegations actually pleaded in Solow's fourth and fifth counterclaims, it is clear that what it actually asserts is, in effect, a cause of action to enforce a written guaranty. "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (City of New York v Clarose Cinema Corp., 256 AD2d 69, 71 [1st Dept 1998]; see ULM I Holding Corp. v Corbin-Hillman, 199 AD3d 543, 544-545 [1st Dept 2021]). The record is clear that there are no issues of fact as to these elements, and therefore Solow should be awarded partial [*3]summary judgment on the issue of liability as to its de facto cause of action to enforce a written guaranty as against Leitersdorf.
The allegations actually pleaded in Solow's fourth and fifth counterclaims further allege five categories of money damages: first, the principal and interest due on the Civil Court judgment; second, Solow's attorneys' fees and costs incurred in the Civil Court proceeding; third, unpaid use and occupancy during the pendency of the Civil Court proceeding; fourth, additional sums that Solow may be awarded against C1 Corp. in this action; and fifth, additional attorneys' fees and costs that Solow may incur in this action. Solow's fourth and fifth counterclaims insofar as they are predicated on the principal and interest due on the Civil Court judgment and its attorneys' fees and costs in the Civil Court proceeding should be severed from the balance of those counterclaims and proceed to "an immediate trial . . . before a referee, before the court, or before the court and a jury, whichever [Supreme Court] may [determine to] be proper" (CPLR 3212[c]; see 4 USS LLC v DSW MS LLC, 120 AD3d 1049, 1049 [1st Dept 2014]; Clarose Cinema Corp., 256 AD2d at 71).
Supreme Court should also conduct such further proceedings consistent with this order as it deems proper to dispose of the balance of Solow's counterclaims against Leitersdorf. Finally, while Solow may not be entitled to any declaratory relief in this case, since it never pleaded a claim for declaratory relief (see McHugh v Weissman, 46 AD3d 369, 369 [1st Dept 2007]; Matter of Seplow v Century Operating Co., 56 AD2d 515, 516 [1st Dept 1977]), awarding Solow partial summary judgment on the issue of liability on its de facto claim against Leitersdorf to enforce a written guaranty ensures that, when a final judgment is ultimately entered in this action, Solow has recovery against her for all, but only those, sums due to it under the terms of their guaranty.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022