Herrera v Highgate Hotels, L.P. (2023 NY Slip Op 00729)

Herrera v Highgate Hotels, L.P.

2023 NY Slip Op 00729

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 151096/18E Appeal No. 17300 Case No. 2022-01750 

[*1]Luis Herrera, Plaintiff-Appellant,
v
Highgate Hotels, L.P., et al., Defendants.
Apple Hospitality Reit, Inc., et al., Third-Party Plaintiffs-Respondents,
v
Subway Real Estate Corp., Third-Party Defendant-Respondent.
Subway Real Estate Corp., Second Third-Party Plaintiff-Respondent,
v
Bidhan Biswas et al., Second Third-Party Defendants-Respondents.

The Sullivan Law Firm, New York (James A. Domini of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Subway Real Estate Corp., respondent.
Law Offices of Brian Rayhill, New York (Jennifer L. Coviello of counsel), for Bidhan Biswas and Nexus BDS, Inc., respondents.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about April 6, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion to amend the complaint to assert direct causes of action against third-party defendant Subway Real Estate Corp. (Subway) and second third-party defendants Bidhan Biswas and Nexus BDS, Inc. (together, the Nexus defendants), unanimously modified, on the law, to grant the cross motion as to the Nexus defendants, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained injuries when he fell on an oily substance while descending basement stairs while making a soda delivery to premises owned by defendants. Defendants demonstrated that they were out-of-possession landlords, having subleased the premises to Subway, which in turn subleased the premises to the Nexus defendants.
The court improvidently exercised its discretion in denying plaintiff's cross motion solely on the technical basis that the proposed amended complaint was not redlined (see CPLR 3025[b]), since the proposed amendments to add the third-party defendants as direct defendants were sufficiently described in the moving papers and easily discerned on review of the proposed amended summons and complaint (see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486,490 [1st Dept 2018]; Medina v City of New York, 134 AD3d 433 [1st Dept 2015]).
Considering the motion on the merits, because the third-party and second third-party actions were commenced within the applicable statute of limitations, plaintiff's direct claims against Subway and the Nexus defendants relate back, for statute of limitations purposes, to the date of service of the third-party and second third-party complaints (see CPLR 203[f]; Duffy v Horton Mem. Hosp., 66 NY2d 473, 476-477 [1985]; Bevliacqua v Bloomberg, L.P., 70 AD3d 411, 414 [1st Dept 2010]). Nor have Subway and the Nexus defendants shown that they would be prejudiced by permitting the amendments, notwithstanding plaintiff's delay in seeking leave to amend (see Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co. of Pittsburgh, Pa., 298 AD2d 180, 181 [1st Dept 2002]; see also St. Nicholas W. 126 L.P. v Republic Inv. Co., LLC, 193 AD3d 488, 489 [1st Dept 2021]).
The Nexus defendants argue that plaintiff will not be able to prevail on his negligence claim against them, but leave to amend should be freely granted unless the proposed claim is palpably insufficient as a matter of law or patently devoid of merit (see Cafe Lughnasa Inc. v A&R Kalimian LLC, 176 AD3d 523 [1st Dept 2019]; Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015]; CPLR 3025[b]). Contrary to their argument, the record evidence does not preclude a finding that they had constructive notice of the alleged oily substance on the stairs (see Cuello v 708 Tremont Realty, LLC, 199 AD3d 604 [1st Dept 2021]; Castillo-Sayre v Citarella Operating LLC, 195 AD3d 513 [1st Dept 2021[*2]]).
As to Subway, however, leave to amend should be denied because the proposed amended complaint is devoid of merit (see Markov v Barrows, 208 AD3d 401, 402 [1st Dept 2022]). The record shows that Subway did not occupy, own, control, or make special use of the premises where the accident occurred, having subleased the space to the Nexus defendants pursuant to a sublease, assignment, and assumption, and franchise agreement (Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]). Thus, as an out-of-possession lessee/sublessor, Subway would not be liable to plaintiff based on the Nexus defendants' failure to maintain the basement stairs in the premises in a reasonably safe condition.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023