■ Richard Soltes et al., Respondents-Appellants, v Brentwood Union Free School District, Defendant, Capobianco, Inc., Appellant-Respondent, and Grayhawk Group, LLC, Also Known as Grayhawk North America, Defendant and Third-Party Plaintiff-Appellant-Respondent. Kirco Industries, Inc., Third-Party Defendant-Respondent. [849 NYS2d 628]—

In an action to recover damages for personal injuries, etc., (1) the defendant Capobianco, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 21, 2006, as denied those branches of its motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it, (2) the defendant third-party plaintiff Grayhawk Group, LLC, also known as Grayhawk North America, separately appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action and all cross claims insofar as asserted against it, for summary judgment on its cross claim for indemnification insofar as asserted against the defendant Capobianco, Inc., and for summary judgment on its third-party cause of action for indemnification, and (3) the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action insofar as asserted against the defendant third-party plaintiff Grayhawk Group, LLC, also known as Grayhawk North America, and the defendant Capobianco, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

With respect to the plaintiffs' cause of action predicated on an

alleged violation of Labor Law § 240 (1), the parties' respective submissions left unresolved triable issues of fact as to whether adequate safety devices were provided to the injured plaintiff at the work site (*see Lofaso v J.P. Murphy Assoc.,* 37 AD3d 769, 771 [2007]; *cf. Montgomery v Federal Express Corp.,* 4 NY3d 805, 806 [2005]), and, if not, whether the absence of such devices was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 290 [2003]). Thus, the Supreme Court properly denied summary judgment to all parties on this issue.

Moreover, in opposition to the prima facie showing of the defendants Grayhawk Group, LLC, also known as Grayhawk North America (hereinafter Grayhawk), and Capobianco, Inc., with respect to the cause of action predicated on an alleged violation of Labor Law § 241 (6), the plaintiffs raised a triable issue of fact as to whether the subject scaffold complied with the requirements of 12 NYCRR 23-5.3 (f) (*see Notaro v Bison Constr. Corp.,* 32 AD3d 1218, 1219 [2006]). Thus, summary judgment dismissing that cause of action was also properly denied.

Alternatively, Grayhawk moved for summary judgment dismissing the causes of action predicated on Labor Law § 240 (1) and § 241 (6) on the ground that it was neither a contractor nor an owner within the meaning of those statutory provisions. In opposition to Grayhawk's prima facie showing in this regard, the plaintiffs raised a triable issue of fact as to whether Grayhawk was acting as an agent of the property owner with the authority to supervise and control the work (*see Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]; *Pino v Irvington Union Free School Dist.,* 43 AD3d 1130, 1131 [2007]; *Linkowski v City of New York,* 33 AD3d 971, 975 [2006]). Thus, those branches of Grayhawk's motion were properly denied.

Moreover, because issues relating, inter alia, to proximate cause and Grayhawk's role at the work site have yet to be determined, the Supreme Court properly denied summary judgment on all claims for indemnification. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.