(November 26, 2014)

■ Bahmal Alayev et al., Respondents, v Juster Associates, LLC, Appellant, and FC Liquor & Wines Corporation, Also Known as FC Discount Liquor & Wines, Inc., et al., Respondents. [998 NYS2d 83]—

In an action to recover damages for personal injuries, etc., the defendant Juster Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), entered July 15, 2013, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it, and on its cross claim for contractual indemnification against the defendant FC Liquor & Wines Corporation, also known as FC Discount Liquor & Wines, Inc., and granted that branch of the motion of the defendants FC Liquor & Wines Corporation, also known as FC Discount Liquor & Wines, Inc., and Jimmy Chan which was for summary judgment dismissing the cross claim of Juster Associates, LLC, for contractual indemnification against the defendant FC Liquor & Wines Corporation, also known as FC Discount Liquor & Wines, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs and the defendant FC Liquor & Wines Corporation, also known as FC Discount Liquor & Wines, Inc.

The plaintiff Bahmal Alayev (hereafter the injured plaintiff) alleges that she was injured when she tripped and fell on a sidewalk abutting a commercial building owned by the defendant Juster Associates, LLC (hereafter Juster), in front of a liquor store owned and operated by the defendant FC Liquor & Wines Corporation, also known as FC Discount Liquor & Wines, Inc. (hereinafter FC). FC rented the store space from Juster pursuant to a lease and several riders thereto, which included a contractual indemnification clause for Juster's benefit.

In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, Juster submitted a transcript of the injured plaintiff's deposition testimony and argued that she was unable to identify the cause of her fall. "A plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action" (*Jackson v Fenton*, 38 AD3d 495, 495 [2007]). However, contrary to Juster's contention, the injured plaintiff identified at her deposition, with the aid of photographs of the accident scene, the uneven portion of the sidewalk abutting the liquor storefront that caused her to trip and fall. Thus, Juster failed to make a prima facie showing that the sidewalk was not in a hazardous condition and that the injured plaintiff's fall was not proximately caused by its negligence in failing to remedy the defect (*see Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]; *Jackson v Fenton*, 38 AD3d at 496).

While Juster demonstrated that it lacked actual notice of the alleged defective condition of the sidewalk, it failed to make a prima facie showing that it did not have constructive notice of the alleged defect (*see Baratta v Eden Roc NY, LLC*, 95 AD3d 802 [2012]). Inasmuch as Juster did not establish its entitlement to judgment as a matter of law, there is no need to review the sufficiency of the plaintiffs' opposition papers (*see Bloechle v Ranieri*, 21 AD3d 435, 436 [2005]).

Accordingly, the Supreme Court correctly denied that branch of Juster's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

There is also no merit to Juster's contention that FC is contractually obligated to indemnify it in this matter pursuant to the terms of the lease. " 'The right to contractual indemnification depends upon the specific language of the contract' " (*Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 722 [2011], quoting *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). While a landlord and tenant are free to negotiate at arm's length for allocation of the risk of liability to third parties, to the extent that such a broad indemnification for the fault of another can ever be effective, the language expressing such intent must be unmistakable (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Stern's Dept. Stores, Inc. v Little Neck Dental*, 11 AD3d 674, 675 [2004]; *Moore v First Indus.*, 296 AD2d 537, 538 [2002]).

Contrary to Juster's contention, there is nothing in the lease and its subsequent riders that establishes that FC had any responsibility to make structural repairs to the sidewalk. Rather, the terms of the lease and its riders placed that obligation upon Juster, and limited FC's obligations with respect to the sidewalk abutting its storefront to removal of debris, snow, and ice. Given the injured plaintiff's allegations in the complaint that she tripped and fell due to a structural defect in the sidewalk, liability in this action would therefore stem from Juster's own negligence, and not FC's. The terms of the lease do not obligate FC to indemnify Juster for its own negligence; if they did, they would be unenforceable as against public policy (*see* General Obligations Law § 5-321; *Wagner v Ploch*, 85 AD3d 1547, 1547-1548 [2011]; *Mendieta v 333 Fifth Ave. Assn.*, 65 AD3d 1097, 1100-1101 [2009]; *Wolfe v Long Is. Power Auth.*, 34 AD3d 575 [2006]).

Accordingly, the Supreme Court properly denied that branch of Juster's motion which was for summary judgment on its cross claim for contractual indemnification and awarded FC summary judgment dismissing the cross claim. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur. **[Prior Case History: 2013 NY Slip Op 31465(U).]**