■ ANGELLA DAVIS, Plaintiff, v JOHN CATSIMATIDIS, Defendant/Third-Party Plaintiff-Respondent-Appellant. KFC U.S.

Properties, Inc., et al., Third-Party Defendants-Appellants-Respondents. [12 NYS3d 141]—

In an action to recover damages for personal injuries, the third-party defendants appeal from so much of an order of the Supreme Court, Kings County (Silber, J.), dated June 21, 2013, as denied that branch of their motion which was for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint, and the defendant/third-party plaintiff, John Catsimatidis, cross-appeals from so much of the same order as granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the causes of action for common-law indemnification and contribution in the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party cause of action for contractual indemnification is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants.

On January 28, 2004, the plaintiff allegedly fell on an area of snow and ice on the public sidewalk in front of a Kentucky Fried Chicken restaurant which was leased from the defendant/third-party plaintiff, John Catsimatidis. The lease between Catsimatidis, as landlord, and KFC National Management Companies, as tenant, provided, inter alia, that the tenant agreed to indemnify the landlord for damages for injuries "occurring on said premises and arising out of the Tenant's use and Occupancy." KFC had ceased operating at the subject location more than a month before the plaintiff allegedly fell, and had given notice to Catsimatidis by fax dated January 7, 2004, of its intention to terminate the lease. A "Lease Termination Agreement," dated February 6, 2004, terminated the remaining term of the lease and all obligations thereunder as of February 29, 2004.

In August 2005, the plaintiff commenced this action against Catsimatidis, who then commenced a third-party action against KFC U.S. Properties, Inc., doing business as Kentucky Fried Chicken, KFC National Management Company, doing business as Kentucky Fried Chicken, and Kentucky Fried Chicken (hereinafter collectively the KFC defendants), seeking damages for contractual and common-law indemnification and contribution.

The Supreme Court properly granted the branch of the motion of the KFC defendants which was for summary judgment dismissing the third-party cause of action for common-law indemnification. The KFC defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action by submitting proof that they had no duty to remove snow from the premises and, therefore, that the plaintiff's injuries, if any, were not the result of their negligence (*see Mikelatos v Theofilaktidis*, 105 AD3d 822, 825 [2013]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]). In opposition, Catsimatidis failed to raise a triable issue of fact.

The KFC defendants also established their prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contribution by demonstrating that they neither owed a duty of reasonable care to the plaintiff nor a duty of reasonable care independent of their contractual obligation to Catsimatidis (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 216 [2010]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]). In opposition, Catsimatidis failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the motion of the KFC defendants which was for summary judgment dismissing the third-party cause of action for contribution.

Indemnification provisions are strictly construed, and the right to contractual indemnification depends upon the specific language of the contract (*see Reyderman v Meyer Berfond Trust #1*, 90 AD3d 633, 634-635 [2011]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 808-809; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). The KFC defendants established their prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification by offering proof that the plaintiff's fall did not arise out of their use or occupancy of the premises, which the lease expressly required as a predicate for contractual indemnification. In opposition, Catsimatidis failed to raise a triable issue of fact. There are no provisions in the lease that impose liability on the KFC defendants for maintenance of the public sidewalks. In fact, there are no provisions in the lease that mention the public sidewalks. Paragraph 38 of the lease, which states that the lease is intended to be a "net lease," without more, does not make the KFC defendants liable to Catsimatidis for snow and ice removal from public sidewalks. Therefore, the Supreme Court erred in denying that branch of

the motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Leventhal, J.P., Hall, Cohen and Maltese, JJ., concur.