█ KIM TAFOLLA, Plaintiff, v ALDRICH MANAGEMENT CO., LLC, Appellant, and DUNKIN DONUTS, INC., Respondent. [26 NYS3d 194]—

In an action to recover damages for personal injuries, the defendant Aldrich Management Co., LLC, appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 15, 2014, which granted the motion of the defendant Dunkin Donuts, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal by the defendant Aldrich Management Co., LLC, from so much of the order as granted that branch of the motion of the defendant Dunkin Donuts, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as it is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

According to the plaintiff, in March 2009 she was injured when she slipped and fell on snow and ice in the parking lot of a strip mall owned by the defendant Aldrich Management Co., LLC (hereinafter Aldrich Management). As is relevant to this appeal, Aldrich Management leased a portion of the strip mall abutting the accident site to the defendant Dunkin Donuts, Inc. (hereinafter Dunkin Donuts). The plaintiff commenced this action against Aldrich Management and Dunkin Donuts. Thereafter, Aldrich Management asserted four cross claims against Dunkin Donuts. Dunkin Donuts sought summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted the motion.

The Supreme Court properly granted that branch of Dunkin Donuts' motion which was for summary judgment dismissing the cross claim for common-law indemnification. Dunkin Donuts established its prima facie entitlement to judgment as a matter of law dismissing that cross claim by submitting proof that it had no duty to remove snow from the parking lot where the accident occurred, and therefore, that the plaintiff's injuries, if any, were not the result of its negligence (*see Davis v Catsimatidis*, 129 AD3d 766, 768 [2015]). In opposition, Aldrich Management failed to raise a triable issue of fact.

Dunkin Donuts also established its prima facie entitlement to judgment as a matter of law dismissing the cross claim for contribution by demonstrating that it neither owed a duty of reasonable care to the plaintiff nor a duty of reasonable care independent of its contractual obligation to Aldrich Management (*see id.* at 768). In opposition, Aldrich Management failed to raise a triable issue of fact.

With respect to the cross claim alleging breach of contract to procure insurance, in opposition to Dunkin Donuts' demonstration of its prima facie entitlement to judgment as a matter of law, Aldrich Management failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Finally, Dunkin Donuts established its prima facie entitlement to judgment as a matter of law dismissing the cross claim for contractual indemnification. "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*Goodlow v 724 Fifth Ave. Realty, LLC*, 127 AD3d 1138, 1140 [2015]; *see Hooper Assoc. v AGS*

*Computers,* 74 NY2d 487, 491-492 [1989]; *Roldan v New York Univ.,* 81 AD3d 625, 628 [2011]). "[I]n the absence of a legal duty to indemnify, a contract for indemnification should be strictly construed to avoid imputing any duties which the parties did not intend to assume" (*2632 Realty Dev. Corp. v 299 Main St., LLC,* 94 AD3d 743, 745-746 [2012]; *see Roldan v New York Univ.,* 81 AD3d at 628).

Here, Aldrich Management sought indemnification pursuant to the portion of the lease that governs claims arising "within or about the Real Property." The lease, however, does not define the term "Real Property," and it is undisputed that Dunkin Donuts had no duty to maintain the parking lot, had no control over its use, did not remove snow and ice from it, and had no duty to do so. Under these circumstances, it cannot be said that there is "unmistakable" language in the lease expressing the intent for Dunkin Donuts to provide indemnification for the fault of another in maintaining the parking lot (*Alayev v Juster Assoc., LLC,* 122 AD3d 886, 887 [2014]). Accordingly, Dunkin Donuts established its prima facie entitlement to judgment as a matter of law dismissing the cross claim for contractual indemnification, and Aldrich Management failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted that branch of Dunkin Donuts' motion which was for summary judgment dismissing all cross claims insofar as asserted against it. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.