■ KETINO PAPERMAN, Appellant, v 2281 86TH STREET CORP., Respondent, et al., Defendant. [36 NYS3d 488]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated April 23, 2015, which, upon a jury verdict in favor of the defendant 2281 86th Street Corp. and against him on the issue of liability, is in favor of that defendant and against him, dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

On March 8, 2011, the plaintiff allegedly was injured when he slipped and fell on a sidewalk in front of certain property owned by the defendant 2281 86th Street Corp. (hereinafter the owner) and leased to the defendant EZ Corner, Inc. (hereinafter the tenant). The plaintiff commenced this action to recover damages for personal injuries against the owner and the tenant. The action was settled against the tenant. Following a jury trial, the jury found, inter alia, that the owner was not negligent, and that the tenant was negligent and its negligence was a substantial factor in causing the accident. A judgment

dated April 23, 2015, was entered in favor of the owner and against the plaintiff, dismissing the complaint insofar as asserted against the owner.

Contrary to the plaintiff's contention, the Supreme Court properly submitted the issue of the tenant's negligence to the jury. "Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property" (*Zorin v City of New York*, 137 AD3d 1116, 1117 [2016]). Generally, the "provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party, such as the plaintiff" (*Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908, 909-910 [2014]). However, where a lease agreement is "so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk," the tenant may be liable to a third party (*Abramson v Eden Farm, Inc.*, 70 AD3d 514, 514 [2010] [internal quotation marks omitted]; *see Bonilla v Bangert's Flowers*, 132 AD3d 618, 619 [2015]). Here, the owner demonstrated that a rider to the subject lease requiring the tenant to, at its own cost and expense, keep and maintain the sidewalk "in thorough repair and good order," was so comprehensive and exclusive as to entirely displace the owner's duty to maintain the sidewalk (*see Collado v Cruz*, 81 AD3d 542 [2011]; *Abramson v Eden Farm, Inc.*, 70 AD3d at 514; *cf. Alayev v Juster Assoc., LLC*, 122 AD3d 886 [2014]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the owner. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.