New York State Thruway Auth. v Ketco, Inc. (2021 NY Slip Op 03462)





New York State Thruway Auth. v Ketco, Inc.


2021 NY Slip Op 03462


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-02870
 (Index No. 8476/06)

[*1]New York State Thruway Authority, plaintiff,
v
Ketco, Inc., defendant third-party plaintiff-respondent, et al., defendant; Conrad Geoscience Corp., third-party defendant-appellant, et al., third-party defendants.


Gallo Vitucci Klar LLP, New York, NY (Kimberly A. Ricciardi and Yolanda Ayala of counsel), for third-party defendant-appellant.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany, NY (Thomas J. O'Connor of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the third-party defendant Conrad Geoscience Corp. appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated December 18, 2014. The order denied the motion of the third-party defendant Conrad Geoscience Corp. for summary judgment, in effect, declaring that it is not obligated to defend and indemnify the defendant third-party plaintiff in the main action.
ORDERED that the order is reversed, on the law, with costs, the motion of the third-party defendant Conrad Geoscience Corp. for summary judgment, in effect, declaring that it is not obligated to defend and indemnify the defendant third-party plaintiff in the main action is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the third-party defendant Conrad Geoscience Corp. is not obligated to defend and indemnify the defendant third-party plaintiff in the main action.
Ketco, Inc. (hereinafter Ketco), was the general contractor on a highway construction project undertaken by the New York State Thruway Authority (hereinafter the NYSTA). The NYSTA entered into a separate contract with Liro Engineers, Inc. (hereinafter Liro), as an engineering consultant and to provide oversight of Ketco's compliance with its contract with the NYSTA. In connection with the project, Ketco entered into a subcontract with Conrad Geoscience Corp. (hereinafter Conrad), an environmental consultant, whereby Conrad would prepare environmental safety plans required by the New York State Department of Environmental Control, as the location of the project contained a landfill that was known to be contaminated by hazardous waste. The subcontract between Ketco and Conrad provided that Conrad would indemnify Ketco for claims "caused in whole or in part by (a) negligent acts or omissions, or (b) violations of regulatory or statutory provisions of the New York State Labor Law, OSHA or other governing rule or applicable law" by Conrad.
On March 17, 2004, four Ketco employees who had been working at the highway construction project site since December 2003 or January 2004, driving dump trucks and filling the [*2]trucks with soil from the area of the landfill, complained of dizziness while working and were taken to a nearby hospital for treatment. Thereafter, the four Ketco employees each commenced a claim in the Court of Claims against, among others, the NYSTA to recover damages for personal injuries, and they collectively commenced an action in the Supreme Court against Conrad and Liro to recover damages for personal injuries.
The NYSTA commenced this action against Ketco and another defendant, inter alia, for a judgment declaring that Ketco is obligated to defend and indemnify the NYSTA in the four personal injury claims. Ketco then commenced a third-party action against, among others, Conrad, inter alia, for a judgment declaring that Conrad is obligated to defend and indemnify Ketco in the main action. Conrad moved for summary judgment, in effect, declaring that it is not obligated to defend and indemnify Ketco in the main action, contending that it is not liable for contractual indemnification because the underlying claims of the Ketco employees were not caused by any negligent acts or omissions, or by any regulatory or statutory violations, on its part. Ketco opposed the motion, noting that "Conrad's obligation to Ketco under the indemnification provisions of the subcontract turn on the resolution of Conrad's liability in the underlying personal injury action." The Supreme Court denied Conrad's motion for summary judgment, and Conrad appeals.
"Indemnification provisions are strictly construed, and the right to contractual indemnification depends upon the specific language of the contract" (Davis v Catsimatidis, 129 AD3d 766, 768; see Gurewitz v City of New York, 175 AD3d 658; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). Thus, in order to be entitled to summary judgment declaring that Conrad is not obligated to defend and indemnify Ketco in the main action, it was incumbent upon Conrad to demonstrate, prima facie, that the injuries alleged by the Ketco employees did not arise from any negligence or omissions, or violations of regulatory or statutory provisions of the Labor Law, OSHA, or other governing rule or applicable law, by Conrad (see Gatto v Coinmach Corp., 172 AD3d 1176, 1179; State of New York v Defoe Corp., 149 AD3d 889).
Several days prior to the Supreme Court's denial of Conrad's motion for summary judgment in this action, the court had granted that branch of Conrad's motion, made in the underlying action commenced by the Ketco employees, which was for summary judgment dismissing the complaint in that action insofar as asserted against it. That determination was affirmed by this Court in a prior appeal, in which we concluded, "Conrad submitted evidence that, as the entity charged with creating environmental safety plans, it exercised no supervisory authority at the highway construction project work site and owed no duty of care to the plaintiffs. In opposition, the plaintiffs failed to raise a triable issue of fact" (Marl v Liro Engrs., Inc., 159 AD3d 688, 689-690). Based upon Ketco's concession in its papers submitted in opposition to Conrad's motion for summary judgment in this action, Conrad contends, in effect, that Ketco is collaterally estopped from seeking contractual indemnification against it. "Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (Buechel v Bain, 97 NY2d 295, 303). Privity may be found where a nonparty to a prior litigation has "a relationship with a party to the prior litigation such that his [or her] own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). Here, we agree with Conrad's contention that, under the circumstances, Ketco, which was clearly in privity with the Ketco employees, is bound by the prior determination of Conrad's nonliability for the Ketco employees' alleged injuries. Consequently, Conrad is not obligated to defend and indemnify Ketco in the main action pursuant to the indemnification provision in their subcontract.
Accordingly, the Supreme Court should have granted Conrad's motion for summary judgment, in effect, declaring that it is not obligated to defend and indemnify Ketco in the main action. Since the third-party action sought a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that Conrad is not obligated to defend and indemnify Ketco in the main action (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court