Guaman v 178 Ct. St., LLC (2021 NY Slip Op 06676)





Guaman v 178 Ct. St., LLC


2021 NY Slip Op 06676


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-09432
 (Index No. 713607/16)

[*1]Fausto Guaman, appellant-respondent,
v
178 Court Street, LLC, defendant-respondent, Dynatec Contracting, Inc., respondent-appellant.


Oresky & Associates, PLLC, Bronx, NY (Payne Tatich, Jacob Oresky, and John Nonnenmacher of counsel), for appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White of counsel), for respondent-appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Dynatec Contracting, Inc., cross-appeals, from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 8, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) and 23-1.16(b). The order, insofar as cross-appealed from, denied those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Dynatec Contracting, Inc., and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) and 23-1.16(b) insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when, while working on a construction project inside a building, he fell through an uncovered opening at a stairwell in the unfinished second floor. At the time of the alleged accident, the defendant 178 Court Street, LLC, owned the property, and the defendant Dynatec Contracting, Inc. (hereinafter Dynatec), was the general contractor on the subject project. In relation to the project, Dynatec hired a subcontractor, Safetx Contracting Corp. (hereinafter Safetx), to perform structural steel and iron work. At the time of the accident, the plaintiff was an employee of Safetx.
The plaintiff commenced this action against the defendants to recover damages for [*2]personal injuries alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. The plaintiff alleged, inter alia, that the defendants were negligent in their ownership and operation of the premises, and in allowing dangerous conditions to exist on the premises. After discovery, the plaintiff moved for, inter alia, summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action. The defendants cross-moved, inter alia, for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) causes of action. In an order entered May 8, 2019, the Supreme Court denied the plaintiff's motion. The court granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 241(6), except those predicated upon 12 NYCRR 23-1.7(b)(1)(i) and 23-1.16(b), and denied those branches of their cross motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. The plaintiff appeals, and Dynatec cross-appeals.
Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513). "In order to prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Rudnik v Brogor Realty Corp., 45 AD3d 828, 829; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). Here, the plaintiff's submissions in support of his motion failed to eliminate triable issues of fact as to whether adequate safety devices were provided to him at the work site (see Ramsey v Leon D. DeMatteis Constr. Corp., 79 AD3d 720, 722; Soltes v Brentwood Union Free School Dist., 47 AD3d 804, 805), and if not, whether the absence of such devices was a proximate cause of the accident (see Soltes v Brentwood Union Free School Dist., 47 AD3d at 805; Lofaso v J.P. Murphy Assoc., 37 AD3d 769, 771). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809; see Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005). Here, the parties' submissions in support of their respective motions failed to eliminate all triable issues of fact as to whether 12 NYCRR 23-1.7(b)(1)(i) and 23-1.16(b) had been violated and whether any such violation was a proximate cause of the accident (see Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 926). Accordingly, the Supreme Court properly denied those branches of the parties' respective motions which were for summary judgment with respect to so much of the Labor Law § 241(6) cause of action as was predicated upon 12 NYCRR 23-1.7(b)(1)(i) and 23-1.16(b) without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Labor Law § 200 is "a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (Lombardi v Stout, 80 NY2d 290, 294). Where a plaintiff's injuries stem from an alleged dangerous condition on the premises, a general contractor, such as Dynatec here, may be liable for common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition (see Zukowski v Powell Cove Estates. Home Owners Assn., Inc., 187 AD3d 1099, 1101; Mikelatos v Theofilaktidis, 105 AD3d 822, 823). Here, the defendants failed to eliminate all triable issues of fact as to whether Dynatec had control over the premises where the alleged accident occurred, and failed to establish, prima facie, that Dynatec lacked notice of the dangerous conditions alleged (see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d at 1101; Mikelatos v Theofilaktidis, 105 AD3d at 824). Accordingly, the Supreme Court properly denied that branch of [*3]the defendants' cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Dynatec without regard to the sufficiency of the papers filed in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions are without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court