McNamara v Gusmar Enters., LLC (2022 NY Slip Op 02402)

McNamara v Gusmar Enters., LLC

2022 NY Slip Op 02402

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2018-14438
 (Index No. 11364/11)

[*1]Kevin T. McNamara, et al., plaintiffs-respondents- appellants, 
v
Gusmar Enterprises, LLC, et al., defendants-appellants-respondents, Metal Monk Ltd, defendant-respondent-appellant, et al., defendants (and a third-party action).

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Robert A. Seeman and Eric N. Bailey of counsel), for defendants-appellants-respondents.
Rosenberg & Gluck, LLP, Holtsville, NY (Michael J. Famiglietti of counsel), for plaintiffs-respondents-appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (John B. Saville of counsel), for defendant-respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Gusmar Enterprises, LLC, and Gusmar Realty Corp. appeal, and the plaintiffs and the defendant Metal Monk Ltd separately cross-appeal, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated August 27, 2018. The order, insofar as appealed from, (1) denied those branches of the motion of the defendants Gusmar Enterprises, LLC, and Gusmar Realty Corp. which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.21(e)(3) insofar as asserted against them and for summary judgment on their cross claim for contractual indemnification insofar as asserted against the defendant Metal Monk Ltd, and (2) granted those branches of the cross motion of the defendant Metal Monk Ltd which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. The order, insofar as cross-appealed from by the plaintiffs, denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Gusmar Enterprises, LLC. The order, insofar as cross-appealed from by the defendant Metal Monk Ltd, denied those branches of the cross motion of the defendant Metal Monk Ltd which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it and the cross claim of the defendants Gusmar Enterprises, LLC, and Gusmar Realty Corp. for contractual indemnification insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted those branches of the cross motion of the defendant Metal Monk Ltd which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it is dismissed, as the defendants Gusmar Enterprises, LLC, and Gusmar Realty Corp. are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the cross appeal by the defendant Metal Monk Ltd from so much of the order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it is dismissed as academic, as that portion of the order was, in effect, vacated by an order of the same court dated October 28, 2019, made upon reargument (see McNamara v Gusmar Enters., LLC, ____ AD3d ____ [Appellate Division Docket No. 2020-02692; decided herewith]; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff Kevin T. McNamara (hereinafter the injured plaintiff) allegedly was injured when he fell from an A-frame ladder while making alterations to a fire sprinkler system in the ceiling of a store (hereinafter the premises) leased by the defendant Metal Monk Ltd (hereinafter Metal Monk), which was located inside a commercial building owned by the defendant Gusmar Enterprises, LLC (hereinafter Gusmar Enterprises). The injured plaintiff, and his wife suing derivatively, commenced this action against Gusmar Enterprises and the defendant Gusmar Realty Corp. (hereinafter together the Gusmar defendants) and Metal Monk, among others, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). The Gusmar defendants asserted, among other things, a cross claim against Metal Monk for contractual indemnification.
The Gusmar defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their cross claim for contractual indemnification insofar as asserted against Metal Monk. Metal Monk cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it and the Gusmar defendants' cross claim for contractual indemnification insofar as asserted against it. The plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Gusmar Enterprises.
By order dated August 27, 2018, the Supreme Court, inter alia, (1) denied those branches of the Gusmar defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.21(e)(3) insofar as asserted against them and for summary judgment on their cross claim for contractual indemnification insofar as asserted against Metal Monk, (2) denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Gusmar Enterprises, and (3) denied those branches of Metal Monk's cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it and the cross claim of the Gusmar defendants for contractual indemnification insofar as asserted against it. The Gusmar defendants appeal, and Metal Monk and the plaintiffs separately cross-appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657; see McCarthy v Turner Const., Inc., 17 NY3d 369, 374). "[T]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (Guaman v 178 Ct. St., LLC, 200 AD3d at 657 [internal quotation marks omitted]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289).
Here, the evidence submitted by the Gusmar defendants and by the plaintiffs failed to eliminate triable issues of fact about the manner in which the accident occurred, whether adequate safety devices were available at the work site, whether the absence of an adequate safety device was a proximate cause of the accident, and whether the injured plaintiff's actions were the sole proximate cause of his injuries (see Guaman v 178 Ct. St. LLC, 200 AD3d at 657; Loretta v Split Dev. Corp., 168 AD3d 823, 825; Lorde v Margaret Tietz Nursing & Rehabilitation Ctr., 162 AD3d 878, 878-879; Nunez v City of New York, 100 AD3d 724, 725). Accordingly, the Supreme Court properly [*2]denied that branch of the Gusmar defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them and properly denied the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Gusmar Enterprises.
"Labor Law § 241(6) imposes a nondelegable duty upon an owner and general contractor to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 682; see Misicki v Caradonna, 12 NY3d 511, 515). "'To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Guaman v 178 Ct. St., LLC, 200 AD3d at 657, quoting Aragona v State of New York, 147 AD3d 808, 809). Here, the Gusmar defendants' submissions in support of that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.21(e)(3), failed to eliminate all triable issues of fact as to whether 12 NYCRR 23-1.21(e)(3) had been violated and whether any such violation was a proximate cause of the accident (see Guaman v 178 Ct. St., 200 AD3d 655). Accordingly, the Supreme Court properly denied that branch of the Gusmar defendants' motion.
The Supreme Court also properly denied that branch of the Gusmar defendants' motion which was for summary judgment on their cross claim for contractual indemnification pursuant to the indemnification provision of Metal Monk's commercial lease and properly denied that branch of Metal Monk's cross motion which was for summary judgment dismissing that cross claim insofar as asserted against it. "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Petersen v Miller Auto Parts, Inc., 151 AD3d 893, 895 [internal quotation marks omitted]; see Campisi v Gambar Food Corp., 130 AD3d 854, 855; Alayev v Juster Assoc., LLC, 122 AD3d 886, 887). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Alayev v Juster Assoc., LLC, 122 AD3d at 887; see Petersen v Miller Auto Parts, Inc., 151 AD3d at 895; Campisi v Gambar Food Corp., 130 AD3d at 855). "[I]n the absence of a legal duty to indemnify, a contract for indemnification should be strictly construed to avoid imputing any duties which the parties did not intend to assume" (Tafolla v Aldrich Mgt. Co., LLC, 136 AD3d 1019, 1021 [internal quotation marks omitted]).
Here, the lease required Metal Monk to indemnify Gusmar Enterprises for injuries to person or property which were either "occasioned wholly or in part by any act or acts, omission or omissions" of Metal Monk, its employees, and agents, among others, and "for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto." Contrary to the Gusmar defendants' contention, Metal Monk established that the accident did not grow out of its occupation of the premises, as the Gusmar defendants retained the injured plaintiff's employer to perform work on the sprinkler system throughout the building (see generally id.; Alayev v Juster Assoc., LLC, 122 AD3d at 888; cf. Campisi v Gambar Food Corp., 130 AD3d at 855; DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 802). However, the parties' submissions raised triable issues of fact as to whether the accident was occasioned by the acts of a Metal Monk employee and, and thus, whether the accident triggered the applicability of the indemnification clause in the lease (see Lammon v Bayberry Sq., LLC, 200 AD3d 1170). Contrary to Metal Monk's contention, under the circumstances presented here, the subject indemnification provision does not violate General Obligations Law § 5-321, since the Gusmar defendants established that the accident was not caused by any negligence on the part of the landlord, Gusmar Enterprises (see DeCourcey v Briarcliff Cong. Church, 104 AD3d at 802).
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court