Errazuri v E Food Supermarket, Inc. (2024 NY Slip Op 03168)

Errazuri v E Food Supermarket, Inc.

2024 NY Slip Op 03168

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-00431
 (Index No. 509687/19)

[*1]Maria Errazuri, plaintiff, 
v
E Food Supermarket, Inc., respondent-appellant, Cude Wu, appellant-respondent.

Iaconis Fusco LLP, Malverne, NY (Joseph P. Fusco and Dina Aversano DiBlasi of counsel), for appellant-respondent.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cude Wu appeals, and the defendant E Food Supermarket, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated December 20, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant Cude Wu which was for summary judgment on her cross-claim for contractual indemnification. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant E Food Supermarket, Inc., which was for summary judgment dismissing the cross-claim of the defendant Cude Wu for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant E Food Supermarket, Inc., which was for summary judgment dismissing the cross-claim of the defendant Cude Wu for contractual indemnification is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant E Food Supermarket, Inc.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained after tripping on a broken sidewalk slab located adjacent to a grocery store in Brooklyn (hereinafter the premises). The premises were owned by the defendant Cude Wu (hereinafter the owner) and leased by the defendant E Food Supermarket, Inc. (hereinafter the supermarket). In her answer, the owner asserted a cross-claim against the supermarket for contractual indemnification.
Following the completion of discovery, the owner moved, inter alia, for summary judgment on her cross-claim for contractual indemnification. The supermarket opposed the owner's motion and moved, among other things, for summary judgment dismissing the owner's cross-claim for contractual indemnification. In an order dated December 20, 2021, the Supreme Court, inter alia, [*2]denied that branch of the owner's motion which was for summary judgment on her cross-claim for contractual indemnification and denied that branch of the supermarket's motion which was for summary judgment dismissing the owner's cross-claim for contractual indemnification. The owner appeals, and the supermarket cross-appeals.
"Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property" (Paperman v 2281 86th St. Corp., 142 AD3d 540, 541 [internal quotation marks omitted]; see Leitch-Henry v Doe Fund, Inc., 179 AD3d 655, 656). However, "a tenant may be held liable to the owner for damages resulting from a violation of . . . [a] lease, which imposed on the tenant the obligation to repair or replace the sidewalk" abutting its property (Wahl v JCNYC, LLC, 133 AD3d 552, 552 [internal quotation marks omitted]).
"The right to contractual indemnification depends upon the specific language of the contract" (Alayev v Juster Assoc., LLC, 122 AD3d 886, 887 [internal quotation marks omitted]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (id.).
Here, the owner failed to establish her prima facie entitlement to judgment as a matter of law on her cross-claim for contractual indemnification. The lease agreement and the rider to the lease provide that the supermarket agrees, inter alia, to indemnify the owner against any claims arising from any breach or default on the part of the supermarket in the performance of its obligations under the terms of the lease. However, pursuant to paragraph 15 of the rider, the owner agrees to make all structural repairs and the tenant is required to make only nonstructural repairs. Additionally, paragraph 15 of the rider refers to "Article 4" of the lease agreement, which obligates the tenant to make nonstructural repairs to the sidewalks adjacent to the premises. Paragraph 16 of the rider sets forth that the tenant is required to maintain and keep the sidewalk "free from garbage, snow, ice or other obstructions." While paragraph 30 of the lease agreement states that the tenant shall make "all repairs and replacements to the sidewalks and curbs adjacent [to the premises]," paragraph 2 of the rider provides that "[i]f there is any conflict between the provisions of the Rider and the printed form of Lease, the Rider provisions shall govern." Hence, contrary to the owner's contention, the lease agreement and the rider, read together, establish that the supermarket is not responsible to make structural repairs to the sidewalk and is only responsible for nonstructural repairs. Moreover, contrary to the owner's contention, evidence presented by her showing that she repaired the sidewalk at issue after the plaintiff's accident was admissible because it was relevant to the disputed issue of whether she was responsible for the maintenance and control of the sidewalk (see Soto v CBS Corp., 157 AD3d 740, 741; Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942). Thus, under the terms of the lease agreement and the rider, the supermarket was not obligated to indemnify the owner. For these same reasons, the supermarket was entitled to summary judgment dismissing the owner's cross-claim for contractual indemnification (see Alayev v Juster Assoc., LLC, 122 AD3d at 887-888; see also 3650 White Plains Corp. v Mama G. African Kitchen Inc., 205 AD3d 468, 470).
Accordingly, the Supreme Court properly denied that branch of the owner's motion which was for summary judgment on her cross-claim for contractual indemnification and should have granted that branch of the supermarket's motion which was for summary judgment dismissing that cross-claim.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court