Guzman v Howe (2026 NY Slip Op 01038)

Guzman v Howe

2026 NY Slip Op 01038

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00563
2024-02308
 (Index No. 510228/21)

[*1]Joseph Guzman, plaintiff-appellant,
vRobert L. Howe, et al., defendants-appellants, Steger Restaurant, Inc., respondent.

Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for plaintiff-appellant.
Harfenist Kraut & Perlstein LLP, Lake Success, NY (Steven J. Harfenist and Heather L. Smar of counsel), for defendants-appellants.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Athanasia Apostolakos and Steven Ateshoglou of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the defendants Robert L. Howe and Diana T. Howe separately appeal from (1) an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated October 5, 2023, and (2) a judgment of the same court dated March 6, 2024. The order, insofar as appealed from, granted the motion of the defendant Steger Restaurant, Inc., for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. The judgment, insofar as appealed from, upon the order, is in favor of the defendant Steger Restaurant, Inc., and against the plaintiff and the defendants Robert L. Howe and Diana T. Howe dismissing the amended complaint and all cross-claims insofar as asserted against it. The notice of appeal of the defendants Robert L. Howe and Diana T. Howe from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeals from the order are dismissed; and it is further,
ORDERED that the appeal by the plaintiff from so much of the judgment as dismissed the cross-claims asserted by the defendants Robert L. Howe and Diana T. Howe against the defendant Steger Restaurant, Inc., is dismissed, as the plaintiff is not aggrieved by that portion of the judgment (see id. § 5511; Mixon v TVB Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal by the defendants Robert L. Howe and Diana T. Howe from so much of the judgment as dismissed the amended complaint insofar as asserted against the defendant Steger Restaurant, Inc., is dismissed, as the defendants Robert L. Howe and Diana T. Howe are not aggrieved by that portion of the judgment (see CPLR 5511; Mixon v TVB Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is reversed insofar as reviewed, on the law, with one [*2]bill of costs payable by the defendant Steger Restaurant, Inc., to the plaintiff and the defendants Robert L. Howe and Diana T. Howe appearing separately and filing separate briefs, the amended complaint and all cross-claims insofar as asserted against the defendant Steger Restaurant, Inc., are reinstated, the motion of the defendant Steger Restaurant, Inc., for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it is denied, and the order is modified accordingly.
The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after tripping on an unlevel portion of a sidewalk located adjacent to a restaurant in Brooklyn. The premises were owned by the defendants Robert L. Howe and Diana T. Howe (hereinafter together the Howe defendants) and leased by the defendant Steger Restaurant, Inc. (hereinafter Steger). In their answer, the Howe defendants asserted cross-claims against Steger for contractual and common-law indemnification.
Steger moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. In an order dated October 5, 2023, the Supreme Court granted Steger's motion. Thereafter, the court, upon the order, issued a judgment dated March 6, 2024, in favor of Steger and against the plaintiff and the Howe defendants dismissing the amended complaint and all cross-claims insofar as asserted against Steger. The plaintiff and the Howe defendants separately appeal.
The "Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property" (Errazuri v E Food Supermarket, Inc., 228 AD3d 732, 734 [internal quotation marks omitted]; Paperman v 2281 86th St. Corp., 142 AD3d 540, 541 [internal quotation marks omitted]). However, where a lease is so comprehensive regarding sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, the tenant may be liable to a third party (see Hsu v City of New York, 145 AD3d 759, 760; Paperman v 2281 86th St. Corp., 142 AD3d at 541).
Here, Steger failed to establish, prima facie, that it did not have an obligation to repair or replace the sidewalk abutting the premises. Although paragraph 4 of the lease stated that Steger was responsible for nonstructural repairs, as distinguished from structural repairs, of the sidewalk, under another provision of the lease Steger was obligated to "make all repairs and replacements to the sidewalks and curbs adjacent thereto," and section 65(B) of the lease required Steger to "repair that portion of the concrete adjacent to and surrounding the Demised Premises which is deemed by the City of New York to be the responsibility of the property holders." These provisions raise an issue of fact as to whether the lease is so comprehensive regarding sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk. Indeed, Steger's principal acknowledged that the lease was ambiguous with respect to such issues. Accordingly, the Supreme Court improperly granted that branch of Steger's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
"The right to contractual indemnification depends upon the specific language of the contract" (Alayev v Juster Assoc., LLC, 122 AD3d 886, 887 [internal quotation marks omitted]; see Sheinman-Hardes v Main 15 Lee Ltd. Partnership, 235 AD3d 683, 684). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Alayev v Juster Assoc., LLC, 122 AD3d at 887). Here, Steger failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Howe defendants' cross-claims for indemnification. The ambiguity of the lease failed to eliminate issues of fact as to whether Steger was responsible for repairing the sidewalk, and therefore, whether the Howe defendants were entitled to indemnification from Steger (see Sheinman-Hardes v Main 15 Lee Ltd. Partnership, 235 AD3d at 685; Campisi v Gambar Food [*3]Corp., 130 AD3d 854, 855-856; Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556).
Accordingly, that branch of Steger's motion which was for summary judgment dismissing the Howe defendants' cross-claims for indemnification should have been denied.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court